UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

|  |  |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 509 | ) ) ) ) |
| Plaintiff | ) |
| vs. | ) ) |
| LATHAM CENTERS, INC. | ) ) |
| Defendant | ) ) |

**COMPLAINT**

JURISDICTION

1. This is a complaint to confirm an arbitrator's award brought pursuant to Section 301, Labor-Management Relations Act, 29 U.S.C., § 185(a), 28 U.S.C. § 1337, and this Court's original and statutory jurisdiction.

PARTIES

2. Plaintiff Service Employees International Union, Local 509 ("Local 509") is a labor organization within the meaning of 29 U.S.C. § 152 (5) with a principal place of business in Watertown, Massachusetts.

3. Defendant Latham Centers, Inc. ("Latham Centers") is an employer in an industry affecting commerce and is engaged in commerce within the meaning of 29 U.S.C. §§ 185 (a) and 152 (6) and (7), with its principal place of business in Brewster, Massachusetts.

FACTS

4. Local 509 and Latham Centers are parties to a collective bargaining agreement providing for the arbitration of disputes arising thereunder, a copy of which is attached hereto as Exhibit 1. Pursuant to their agreement, they submitted a dispute to arbitrator James M. Litton concerning Latham Center's failure to promote a bargaining unit employee, Susan Horvath ("Horvath" or "the Grievant").

5. The basis of the grievance that Local 509 submitted to arbitration was that Latham Centers had not properly applied the contractually required criteria, as defined by Article 13, Section 2 of the collective bargaining agreement, when determining the qualifications of the employees who applied for a Residential Counselor position in the Supported Adult Independent Living (SAIL) Program. As a result of this contract violation, another employee, Theresa Davies, was hired to this position over the Grievant.

6. Subsequent to the Union's filing of the grievance, the employer consolidated two of the houses in its SAIL program thus Theresa Davies, who had very little seniority, was laid off from her newly acquired position. At the time of the arbitration hearing, Ms. Davies had been laid off for several months.

7. By stipulation of the parties, the issue to be decided by the Arbitrator was as follows:

> Did the Employer violate Article 13, Sec. 2 of the collective bargaining agreement? If so, what shall be the remedy?

8. On May 11, 2011, the Arbitrator issued his Award, a copy of which is attached hereto as Exhibit 2.

9. In his Award, the Arbitrator ruled as follows:

> The Employer violated Article 13, Sec. 2 of the collective bargaining agreement.
>
> The Employer shall immediately re-evaluate its decision with respect to its filling of the posted position of Residential Counselor in the SAIL Program in accordance with the requirements of Article 13, Sec. 2 of the Agreement.

Ex. 2 at 26-27.

10. As a remedy, the Arbitrator remanded the case to the parties with instructions to the Employer to,

> fill the posted Residential Counselor position in the SAIL program after comparing the "qualities such as education, training, experience and other relevant qualifications" of Davies and Horvath in accordance with the mandate of Article 13, Sec. 2 of the Agreement.

Ex. 2 at 26.

11. The Award is fully consistent with the collective bargaining agreement, applicable law, and the issues put to the Arbitrator by the parties.

12. Since the Award was issued, Latham Centers has failed to comply with the Award despite repeated requests by Local 509. Latham Centers has failed to re-evaluate its filling of the position of Residential Counselor in the SAIL Program. Indeed, Latham Centers has taken no action in regard to the Grievant's application for the position of Residential Counselor in the SAIL Program since the Award was issued.

## CAUSE OF ACTION

13. The Award, duly rendered in arbitration between Local 509 and Latham Centers should be confirmed in its entirety pursuant to Section 301 of the Labor-Management Relations Act, 29 USC § 301 et seq.

WHEREFORE, the Union respectfully requests this Court grant the following relief:

A. Judgment confirming the Award of Arbitrator Litton in its entirety.

B. An order that Latham Centers comply with the Award.

C. Judgment awarding the Union its costs and reasonable attorney's fees.

D. Such other relief as this Court deems just.

>Respectfully Submitted,
>
>SERVICE EMPLOYEES
>INTERNATIONAL UNION, LOCAL 509
>
>By its attorneys,
>
>s/Tod A. Cochran
>Tod A. Cochran, BBO# 643165
>Pyle Rome Ehrenberg, PC
>18 Tremont Street, Suite 500
>Boston, MA 02108
>T: (617) 367-7200
>F: (617) 367-4820

Dated: March 1, 2012